IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                     Case No. 2:08-CR-20023-001-JWL-TJJ

GREGORY ABERCROMBIE,

           Defendant,
and

KELLANOVA MANUFACTURING LLC,

           Garnishee.

**MEMORANDUM AND ORDER**

Plaintiff United States has initiated the garnishment of Defendant Gregory Abercrombie's wages to collect a 2009 criminal restitution judgment. This matter comes before the Court on Defendant's written objection and request for hearing. (Doc. 128) Defendant requests, pursuant to 28 U.S.C. § 3205(c)(5), a hearing on his objection to the Answer (Doc. 127) filed by garnishee Kellanova Manufacturing LLC ("Garnishee") in response to the subject Writ of Garnishment.[1] (Doc. 123) The United States opposes Defendant's request for hearing. (Doc. 130) As explained below, Defendant's request for hearing is denied.

**I.    Background**

Defendant pled guilty to a violation of 18 U.S.C. § 2113(a) and (d) (Armed Bank Robbery) and was ordered to pay a $100.00 special assessment and $202,588 in restitution (Doc. 63), of

---

[1] Defendant is not represented by counsel in these post-judgment proceedings.

which $78,515.25 was recovered prior to sentencing. (Doc. 75) Defendant has personally paid a total of $7,148.26 in this case, of which $100.00 was applied to his special assessment and $7,048.26 was applied to restitution. The remaining $4,882.40 applied to restitution was paid by co-Defendant D'Mario Gray, who is jointly and severally liable for the restitution judgment. As of May 23, 2025, the balance due on Defendant's restitution judgment is $112,542.34. (Doc. 130)

On April 17, 2025, upon the United States' Application (Doc. 122), the Clerk of the Court issued a Writ of Garnishment to Garnishee (Doc. 123), which the United States served upon Garnishee on April 21, 2025. The Writ directed Garnishee to "withhold 25% of Defendant's disposable earnings or the amount by which Defendant's disposable earnings exceed thirty times the Federal minimum hourly wage per week, whichever is less." (Doc. 123) The Application, Writ of Garnishment, the required notice, and instructions were served upon Defendant on April 21, 2025. (Doc. 125) Garnishee's Answer (Doc. 127) was filed on the docket on May 7, 2025. On May 12, 2025, Defendant filed his written objection to Garnishee's answer and request for hearing. (Doc. 128)

## II.   Applicable Law

The Federal Debt Collection Procedures Act ("FDCPA")[2] provides civil collection remedies for the government to collect debts owed to the United States, including criminal restitution.[3]  A writ of garnishment is one of the FDCPA enforcement remedies available to the government to collect unpaid restitution owed by a defendant.[4] Specifically, § 3205(a) authorizes

---

[2] 28 U.S.C. § 3001, et seq.,

[3] *See* 28 U.S.C. § 3002(3)(B).

[4] *See* 28 U.S.C. § 3205.

the court to enter a writ of garnishment against property in which a defendant "has a substantial nonexempt interest" that is in the "possession, custody, or control of a person other than the debtor."

Two of the FDCPA's post-judgment remedy provisions allow a judgment debtor to request a hearing: either after receipt of the required notice accompanying a writ of garnishment under Section 3202(d),[5] or after receipt of an answer filed by a garnishee under Section 3205(c)(5).[6] Defendant timely filed his objection to the Garnishee's answer, so Section 3205(c)(5) is applicable here.

### III.  Defendant's Objection and Request for Hearing Under Section 3205(c)(5)

Defendant's objection concerns the garnishment of his wages. He states he has paid the original balance of $281,203.25 down to $113,128.68[7] and argues he should "at least be [relieved] of the remaining amount due to living circumstances and quality of life." (Doc. 127) He also states he has "shown good faith since [he has] been home from incarceration [by] making these payments [and] to receive a 25% garnishment is not feasible for [him]." (Doc. 128) Defendant also requests a hearing "in regard[] to this matter." (Doc. 128)

The United States argues Defendant is not entitled to a hearing on the wage garnishment as he has not raised any of the limited issues the Court may hear at a hearing on a garnishment.

---

[5] *See* 28 U.S.C. § 3202(d) (debtor must request hearing "within 20 days after receiving the notice described in section 3202(b)"); 28 U.S.C. § 3202(b) "Notice" language accompanying a writ of garnishment ("If you want a hearing, you must notify the court within 20 days after you receive this notice.").

[6] *See* 28 U.S.C. § 3205(c)(5) ("Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing.").

[7] In his motion for hearing, Defendant states the balance owed on the restitution judgment is $113,128.68. Doc. 128 at 1. In its response, the United States indicates the balance due is slightly less than that, a total of $112,542.34 as of May 23, 2025. Doc. 130 at 2.

Defendant has not claimed an exemption, he has not raised an issue related to compliance with the statutory requirements for the issuance of the garnishment, and this case does not involve a default judgment. The United States also offers if garnishment of 25% of Defendant's wages poses a hardship on Defendant or his dependents, Defendant "may provide a financial disclosure statement to the United States for review and consideration of a lower percentage." (Doc. 130) However, the United States points out that it has twice requested such information from Defendant but received no response. (Doc. 130)

Under Section 3205(c)(5), a party such as Defendant who objects to a garnishee's answer must "state the grounds for the objection and bear the burden of proving such grounds." Section 3205(c)(5) does not expressly limit the issues for hearing with respect to objections to a garnishee's answer. This is very different from the provisions of Section 3202(d) regarding objections to writs of garnishment.[8]

In contrast to Section 3205(c)(5), a hearing under Section 3202(d) is expressly limited to specified issues, namely: (1) the probable validity of a judgment debtor's claim(s) of exemption; and (2) compliance with any statutory requirement for issuance of the post-judgement remedy granted,[9] which would include a writ of garnishment. An objection outside of these issues does not require a hearing.[10] The right a hearing under Section 3202(d) "is not absolute" and courts

---

[8] *See United States v. Sadongei*, No. 1:21-CR-63-MOC-WWCM, 2023 WL 4198869, at *5 (W.D.N.C. June 27, 2023) (a hearing requested under Section 3205(c)(5) objecting to a garnishee's answer is a distinct proceeding from a hearing requested under Section 3202(d) objecting to a writ of garnishment).[8]

[9] 28 U.S.C. § 3202(d)(1)-(2). Subparagraph (3) would allow hearing on a third issue, but it pertains only if a judgment was entered by default and is thus not applicable when the underlying judgement is a criminal restitution judgment as in this case.

[10] *United States v. Morris*, No. 08-40075-01-JAR, 2021 WL 5953765, at *2 (D. Kan. Dec. 16, 2021).

"routinely deny a request for hearing where the debtor did not object based on one of the issues specified in [Section 3202(d)(1)-(3)]."[11] A judgment debtor's objections to a wage garnishment based on financial hardship are beyond the scope of a § 3202(d) hearing.[12]

Given these differences in the two statutory provisions, some courts have found "the scope of objections that may be raised pursuant to Section 3202 is more limited than those that may be brought under Section 3205."[13] As one court explained, "a § 3205 hearing is *not* subject to the same limitations as a § 3202(d) hearing," relying on the language of § 3205(c)(5), which "merely requires that '[t]he party objecting shall state the grounds for the objection and bear the burden of proving such grounds.'"[14]

This Court agrees with the cases that do not limit a request for hearing under Section 3205(c)(5) to the issues specified in § 3202(d)(1)–(3).[15] Section 3205(c)(5) does not expressly

---

[11] *United States v. Obaid*, No. 15-20040-01-JWL, 2022 WL 3715674, at *1 (D. Kan. Aug. 29, 2022); *Morris*, 2021 WL 5953765, at *2; *United States v. Krehbiel*, No. 05-10117-EFM, 2021 WL 965968, at *3 (D. Kan. Mar. 15, 2021).

[12] *See United States v. Baxter*, No. 18-MC-5024 BHS, 2019 WL 2124219, at *3 (W.D. Wash. May 15, 2019)(finding debtor's financial hardship challenges to garnishment were "beyond the scope of a § 3202(d) hearing"); *United States v. Canfield*, No. CR-01-00256-001-PHX-NVW (JZB), 2014 WL 6065769, at *4 (D. Ariz. Nov. 13, 2014) (denying request for hearing because financial hardship is not the appropriate subject of a garnishment hearing under § 3202(d)).

[13] *Sadongei*, 2023 WL 4198869, at *5 n.5 (citing *United States v. Flowers*, No. 16-51619, 2017 WL 386535, at *2 (E.D. Mich. Jan. 27, 2017)).

[14] *See Flowers*, 2017 WL 386535, at *2 (considering hearings requested under both Sections 3202(d) and 3205(c)(5) and ultimately denying the request for hearing under both sections) (citing *United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) and *United States v. Crowther*, 473 F.Supp.2d 729, 731 (E.D. Tex. 2007)). *But see United States v. Dozier*, No. CR-12-01879-001-PHX-DGC, 2019 WL 1714132, at *2 (D. Ariz. Mar. 26, 2019), *report and recommendation adopted*, 2019 WL 1676083 (D. Ariz. Apr. 17, 2019) (applying the hearing limitations set forth in § 3202(d) to the defendant's request for hearing under § 3205(c)(5)).

[15] Notably, Defendant's objections do not fall within the limited issues for hearing set out in Section 3202(d)(1)-(3).

5

limit the issues for hearing under this section or incorporate the § 3202(d) limitations. The omission of such limitations from Section 3205(c)(5) is obvious and significant. The Court therefore finds the language of Section 3205(c)(5) was *not* intended to limit the issues for hearing under that section to the issues set out in Section 3202(d).[16]

This does not mean, however, that a debtor is entitled to a hearing on each or every objection asserted in response to a garnishee's answer under § 3205(c)(5). While a debtor may raise any issue in his Section 3205 objection, the Court still has discretion to decide whether the objections are worthy of a hearing.[17] A court may deny a request for hearing where the objection "lacks reason or merit."[18] If a debtor raises a valid objection to a garnishee's answer, the court *may* grant the request for a hearing.[19]

In its discretion, the Court finds that a hearing is not warranted based upon the objections Defendant has raised. Essentially, Defendant's motion implores the Court to grant him a hearing because (a) he wants to be relieved of the balance due on the restitution judgment and (b) he has

---

[16] There are other differences in the two statutory provisions that suggest the issues for hearing may vary under those provisions. For example, Section 3202(d) only mentions a hearing on the judgment debtor's motion to quash the garnishment, while Section 3205(c)(5) allows more generically for the filing of and hearing on a "written objection" to the garnishee's answer. In addition, both the judgment debtor and the United States can file an objection and request a hearing after receipt of a garnishee's answer, unlike Section 3202(d) which only references a request for hearing by the debtor.

[17] *United States v. Campbell*, No. 16-51545, 2016 WL 7385727, at *3 (E.D. Mich. Dec. 21, 2016); *Flowers*, 2017 WL 386535, at *2. *See also United States v. Dixon*, No. 03-20121-CM, 2007 WL 163245, at *1 (D. Kan. Jan. 18, 2007) (overruling request for hearing under Section 3205 after reviewing record and determining hearing was not necessary on the defendant's objections to garnishment of his retirement plans).

[18] *Campbell*, 2016 WL 7385727, at *3; *Flowers*, 2017 WL 386535, at *2.

[19] *Campbell*, 2016 WL 7385727, at *3; *Flowers*, 2017 WL 386535, at *2 (emphasis added).

shown good faith by making payments on the judgment since he was released from incarceration.[20] These are not issues on which a hearing is necessary or warranted. Defendant does not dispute the balance the United States claims is still owed on the restitution judgment against him. Defendant's statement that the 25% garnishment is not "feasible" for him and his vague reference to his "living circumstances and quality of life" are not sufficient to constitute a claim of financial hardship.[21] As noted above, the United States offered twice prior to the garnishment and again in its Response, if garnishment of 25% of Defendant's wages poses a hardship on him or his dependents, Defendant may provide a financial disclosure statement to the United States for review and consideration of a lower percentage. Although Defendant has failed to do so up to now, if Defendant wants to take the United States up on its offer, he can do so without a court hearing.

**IT IS THEREFORE ORDERED** that Defendant's request for hearing (Doc. 128) pursuant to 28 U.S.C. § 3205(c)(5) is **denied**.

**IT IS FURTHER ORDERED** that a copy of this Order will be mailed to Defendant Abercrombie by regular mail to the address provided in his request for hearing.

**IT IS SO ORDERED**.

Dated June 12, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[20] In its Response, the United States claims Defendant has not made a payment on the judgment since February 5, 2020, and Defendant has personally paid a total of only $7,048.26 in this case. Doc. 130 at 1, 2. Defendant did not file a Reply disputing these statements.

[21] In any event, even if Defendant were to claim financial hardship, he still might not be allowed a hearing. *See United States v. King*, No. 07-60066-EFM, 2019 WL 2342954, at *1 (D. Kan. June 3, 2019) ("No court in this district has decided whether it will consider financial hardship in ruling on an objection to a garnishment under 28 U.S.C. § 3013.").